## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | **CIVIL ACTION NO.** |
| **v.** | ) ) | |
| **DANELLA CONSTRUCTION CORP. OF PENNSYLVANIA (a subsidiary of Danella Companies)** | ) ) ) ) | **COMPLAINT JURY TRIAL DEMAND** |
| **Defendant.** | ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and retaliation and to provide appropriate relief to Lisa Drozdowski and a class of female employees who were adversely affected by such practices. As articulated with greater particularity in paragraphs 7 through 12 below, the Equal Employment Opportunity Commission (the "Commission") alleges Defendant, Danella Construction Corp. of Pennsylvania (a subsidiary of Danella Companies), discriminated against Ms. Drozdowski and a class of female employees on the basis of their sex, female, when they were subjected to differential terms and conditions of employment by Defendant and denied higher paying laborer positions solely because of their sex. The Commission also alleges Defendant's failure to provide restroom facilities at various work sites had a disparate impact on Lisa Drozdowski and a class of female employees.

The Commission further alleges Defendant retaliated against Lisa Drozdowski after she complained of sex discrimination, by significantly cutting her hours and then ultimately

terminating her employment. As a result of Defendant's actions, Lisa Drozdowksi and a class of female employees suffered emotional distress and backpay damages .

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, Danella Construction Corp. of Pennsylvania (a subsidiary of Danella Companies) ("Defendant Employer" or "Danella"), has continuously been and is now doing business in the State of Pennsylvania and the City of Plymouth Meeting and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Lisa Drozdowski filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least 2005, Defendant Employer has engaged in unlawful employment practices at its Plymouth Meeting, Pennsylvania facility, in violation of sections 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1).  These unlawful practices include, but are not limited to, the following:

(a)      On or about October 16, 2005, Lisa Drozdowski began working for Defendant as a full-time flagger on different construction crews.

(b)      In addition to working as a flagger, Lisa Drozdowski also performed many of the different duties and responsibilities of a laborer.  At all relevant times, Lisa Drozdowski's performance was satisfactory and good.

(c)      Lisa Drozdowski approached management on several occasions throughout her employment to apply to become a laborer.  Defendant advised Ms. Drozdowski female employees cannot be laborers, and that Defendant does not allow women to work as laborers.

(d)      Defendant failed to hire any women as laborers while Lisa Drozdowski worked for Defendant.  Defendant, however, hired male laborers with little to no laboring experience.

(e)      Defendant also failed to provide portable restroom facilities at some work sites which had a disparate impact on female employees.

(f)      Lisa Drozdowski and a class of female employees were forced to find public

3

restrooms on their work break, squat down and urinate in the bushes or woods in the immediate area or have other female employees hold blankets up to guard against motorists seeing them urinate as they were driving past the work site.

(g)    As a result of Defendant's failure to provide portable toilets, in or about March 2006, Ms. Drozdowski urinated on herself. From that point forward for several months, Ms. Drozdowski wore adult "Depends" diapers every day to avoid another embarrassing accident.

(8)    The effect of the practices complained of in paragraph 7(a) through (g) above have been to deprive female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, in violation of Title VII.

(9)    The unlawful employment practices complained of in paragraph 7(a) through (g) above were intentional and were done with malice or with reckless indifference to the federally protected rights of Lisa Drozdowski and a class of female employees.

(10)    Since at least 2005, Defendant Employer has engaged in unlawful employment practices in violation of Section 704(a)(1) of Title VII, 42 U.S.C. §2000e-3(a), by discriminating against Lisa Drozdowski based on retaliation. These unlawful practices include, but are not limited to, the following:

(a)    In or about June 2006, Ms. Drozdowski engaged in protected activity when she complained to the union about men receiving better treatment than her at Danella.

(b)    Following her complaint, Defendant severely cut Ms. Drozdowski's hours. When she requested Defendant to give her more hours, she was told that there no work available.

(c)    In September 2006, Danella stopped assigning Ms. Drozdowski any hours, thereby ultimately terminating her employment.

(d)      Ms. Drozdowski continued to call Defendant to attempt to secure work. Yet, she was consistently told that there was no work available. However, Defendant continued to fill flagger positions after Ms. Drozdowski's employment had ended.

(11)      The unlawful employment practice complained of in paragraphs 10(a) through (d) has subjected Lisa Drozdowski to retaliation because she engaged in protected activity by opposing employment practices she believed to be discriminatory, in violation of Title VII.

(12)      The unlawful employment practices complained of in paragraph 10(a) through (d) above were intentional and were done with malice or with reckless indifference to the federally protected rights of Lisa Drozdowski.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from continuing to have practices which disparately impact female employees, and any other employment practice which discriminates on the basis of sex and retaliation.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination and retaliation.

D.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

E.      Order Defendant Employer to make whole Lisa Drozdowski and a class of female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.      Order Defendant Employer to make whole Lisa Drozdowski and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8, 9 and 10 above, including but not limited to out-of-pocket losses in amounts to be determined at trial.

G.      Order Defendant Employer to make whole Lisa Drozdowski and a class of female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8, 9 and 10 above, including pain and suffering, humiliation, embarrassment, loss of life's pleasures, depression, anxiety, stress, panic, and other physical, psychological, and emotional symptoms and conditions, in amounts to be determined at trial.

H.      Order Defendant Employer to pay Lisa Drozdowski and a class of female employees punitive damages for its malicious and reckless conduct described in paragraphs 7, 8, 9 and 10 above, in amounts to be determined at trial.

I.      Grant such further relief as the Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

7

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L. Street, NW
Washington, DC 20507

Jacqueline H. McNair
Regional Attorney

Terrence R. Cook
Supervisory Trial Attorney

Woody Anglade
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
Telephone (215) 440-2814

8